A. E. PIERCE, Appellant, v. E. H. LICHTENSTEIN, Appellee.

No. 41246.

April 5, 1932.

J. C. France, for appellant.

Donnelly, Lynch, Anderson & Lynch, for appellee.

Stevens, J.—This is an action upon a negotiable promissory note executed on or about July 12th, 1928, by appellee to A. L. Hubert and subsequently transferred to appellant. Sufficient evidence was introduced by appellee to warrant the submission to the jury of some or all of the several defenses pleaded: that is, fraud in the inception of the note, conditional delivery and total failure of consideration. Appellant does not contend otherwise.

At the conclusion of the evidence, appellant moved for a directed verdict upon the ground that the evidence, without conflict of fact or circumstances, fully and conclusively established that he is a holder of the note in due course. No other issue of fact is involved.

"Every holder [of a negotiable instrument] is deemed *prima facie* to be a holder in due course; but when it is shown that the title of any person who has negotiated the instrument was defective, the burden is on the holder to prove that he or some person under whom he claims acquired the title as a holder in due course." Section 9519, Code, 1931.

The note in question was executed in part payment of an alleged commission for the sale or exchange of real estate. It appears from the testimony offered on behalf of appellee that the note was to be held by the payee until the transfer of certain real property, out of the sale or exchange of which the claimed commission arose, was consummated according to the contract between the parties. The contract was subsequently cancelled by the district court in an action in equity instituted by appellee herein for that purpose.

■ Appellant testified that he is a barber in the city of Tipton; that he purchased the note of the payee in his barber shop without notice or knowledge of any kind of infirmity therein.

The question of fact is a close one, but we reach the conclusion that the evidence was sufficient to warrant the submission of the question as to whether appellant was a holder in due course to the jury.

Both appellant and Hubert testified that the consideration for the purchase of the note was $140.00 paid in cash and a credit of $230.00 due and owing from Hubert to appellant on account of rents collected by him from tenants on a farm owned by appellant in Palo Alto county, in which Hubert had some interest. Appellant testified that he had most of the $140.00 cash payment in his pocket and that he took the balance from the money till in the cash register in his shop. Hubert testified that he had at least $200.00 or more of the amount due the appellant in his pocket at the time the sale of the note was negotiated. Appellant, however, appears to have understood from the conversation between them that the money collected as rental for the farm had already been used by Hubert, and the transfer of the note was, in part, in settlement of the account. The note was assigned to appellant in writing on the back instead of by the customary endorsement to a purchaser. The written assignment was later erased and "pay to the order" substituted. The erasure was made by appellant's attorney just prior to the maturity of the note. Appellant testified that he had purchased other notes, but was not in the business of buying negotiable paper. No book of account showing the collection of rents by Hubert was introduced, although he testified that an account had been kept. The parties are related by marriage, Hubert's wife being a niece of appellant's. Under the circumstances shown, the mere denial by the holder of the note of notice or knowledge of the infirmity in the note is not necessarily conclusive. Grimes Savings Bank v. McHarg, 204 Iowa 322; McLaughlin-Gormley-King Co. v. Hauser, 195 Iowa 224; First National Bank v. Dutton, 199 Iowa 468. The burden of proving that he was a holder in due course was on appellant. Whether the proof introduced was, under the facts and circumstances of this case, sufficient to meet such burden was a question to be determined by the jury. The date of the transfer is not shown, but it was before ma-

turity. The evidence is capable of different and conflicting inferences. The motion for a directed verdict was properly overruled.

■ II. The pleadings filed in the action brought by the appellee Lichtenstein against Nagler & Nagler and the Kingsley Construction Co. to rescind and cancel the real estate contract above referred to, together with the decree entered therein, were offered in evidence over the timely objection of appellant. Manifestly, the decree in this action is in no sense binding upon appellant, who was not a party thereto, but the documents were admissible to prove the adjudication that the contract was rescinded, but not for the purpose of proving fraud.

III. Exception to Instruction No. 11 given by the court to the jury upon its own motion was preserved and is argued by appellant on this appeal. It is urged that the recapitulation by the court in this instruction of matters previously and properly submitted to the jury unduly emphasized the same to the jury to his prejudice. A careful reading of the instruction complained of and of the charge as a whole leaves no doubt in the mind of the court that no prejudice could have resulted from the giving of this instruction.

We find no reversible error in the record and the judgment is affirmed.—Affirmed.

WAGNER, C. J., and ALBERT, DE GRAFF, and FAVILLE, JJ., concur.